Good morning, Your Honors. Good morning. Do you want to identify yourself? Yeah, sure. Give your name. Eugene Cohen, on behalf of the Respondent, U.S. Attorney General. Thank you. In this case, as I understand it, the petitioner has an I-130 now? There is an I-130 that has been filed under the name of Jariwala. It has been approved. That is correct. The question, before we hear any argument, is does the government be willing to mediate this case at this point? The government would oppose mediation in this case. Thank you. Okay. Good morning, Your Honors. My name is Teresa Salazar-Cosmos, and I represent the petitioner. And is your request here that the two cases in the different names be consolidated? Yes, that has been our request all along. Actually, what we had requested, what the petitioner has requested way back from 2004 is termination of the Mehta case and or consolidation of both his files. And that would be for the purpose of pursuing an application for adjustment of status based on his marriage to a United States citizen. Well, I think in the government's position is that this, here you're limited to the BIA's reconsideration order, and that by consolidating it, that would be just another effort on the part of your client to delay this. And obviously, after he waited eight years to bring that, so if you wait long enough, there's always something more to talk about. Well, I think the board in this case, the issue in this case, the government is correct, the issue in this case is whether or not the board abuses its discretion in denying the motion to reconsider. And the petitioner believes that the board did because they based the denial of that motion to reconsider on their finding that Petitioner has asserted Jignesh Mehta as his true identity. And I think based on their conclusion that his identity is actually Jignesh Mehta, they denied the motion to reconsider and they also denied the renewed request for consolidation. That was the sole reason why it seems that they denied consolidation. And that is simply not his true identity. According to the record evidence, his true identity is Jignesh Jirawala. And the board bases their conclusion that he is Jignesh Mehta on the transcript, indicating that he appeared for a hearing and he stated that he was Jignesh Mehta, but he's also stated that he's Jignesh Jirawala. He's done the same thing under both case files. So, you know, to choose one over the other seems arbitrary. And there is additional evidence in the record. But in this case, all we have before us is a motion to reconsider based on the record in this case. Well, I would disagree with that, because in their decision in both March 1st, 2006 and May 26th, 2006, both decisions indicated that the board made its decision that Petitioner was actually Jignesh Mehta after review of both files. So we didn't have the benefit of providing the Court a consolidated matter when we filed our petition for review. But the board itself did make its decision based on their review of both files, because that's the matter was, in fact, consolidated when it went back to them upon order of this Court in 2005. They had the benefit of both files, and they decided not to consolidate. And our contention is that their decision not to consolidate was based solely on their conclusion that he is, in fact, Jignesh Mehta, which is incorrect. There's a other. But, again, we have not you did not take a petition for review from that ruling. We actually did file a petition for review from the denial of the other case. But not from the one in the original one in this case. The original one. Two petitions for review were filed in the original case way back in 2004. But right on, okay, on the calendar we have 0673232. Did you file a petition for review on that case? In Jignesh Mehta, 232, yes. 232, yes, Your Honor. That is the petition for review that is for review before this Court today. But it's only with respect to a motion to reconsider, because there is an underlying determination on the remand in this case as to which no petition for review was ever filed. Is that right? I'm not sure that I understand. I don't, I don't. I think what you're saying is that there was no petition for review filed in connection with his other file, the Jirawala case. I know it's a bit confusing. No, no, no. But this case, this case, the you're filing a petition for review. You're filing a petition for a review of a motion to reconsider what? Because the Board made a no. Reconsider what? Reconsider the finding that Petitioner has asserted that he's Jignesh Mehta, has asserted that he's, his true identity is Jignesh Mehta. On March 1, 2006, the Board issued a decision in this case, right? Yes. And what did it say? The March 1 finding was that Petitioner has asserted Jignesh Mehta as his true identity. Okay. And you did not file a petition for review from that determination? That is correct, Your Honor. Okay. That is correct. And isn't that the problem here? Well, I think that the issue was brought up again in Petitioner's motion to reconsider. That is exactly the same issue that he sought to be reconsidered. Unless you have some – unless you can prove there's something wrong with the first one. And they said, we're not going to reconsider. So we have to review it for whether they had abused their discretion in not reconsidering what they already did earlier when you didn't file a petition for review from it. Okay. Well, even assuming that there is no jurisdiction to consider whether or not he is in fact Jignesh Mehta, there is jurisdiction to consider whether Petitioner has asserted that Jignesh Mehta as his true identity. He's never made that assertion, Your Honor. He's appeared at a hearing before an immigration judge, and he has indicated that he's Jignesh Mehta. He's also done the same thing in another hearing before a different immigration judge and asserted that he is actually Jignesh Jarawalla. And that's why I was saying that to pick one over the other seems arbitrary, since he did the same thing in both cases. And there's additional evidence of record that was in the record prior to March 1st, 2006, indicating that his true identity was Jignesh Jarawalla. And that's a visa petition that was filed for him under the name of Jignesh Jarawalla, a marriage certificate for Petitioner under the name of Jarawalla, an application for adjustment under naming the applicant as Jignesh Jarawalla. And I understand the Court is concerned as to whether or not it has jurisdiction on the question of who he actually is, but it does have jurisdiction to determine whether or not he ever asserted that his true identity is Jignesh Mehta. Has he ever explained this at all on the records anywhere? I'm sorry? Has he ever anywhere on the record explained why he had two names? He has not in the record. He has acknowledged that he's made misrepresentations, as is obvious from looking at both of these records. And I would like to point out that should he be given the opportunity to present his adjustment application, that will be something that he will have to face and explain, and it would be something that would be considered in the process of considering an application for a waiver for misrepresentations. So it's not something that's going to go away for him, even if he were allowed to present his adjustment application. And I'd also like to point out that I know the Court ordered the second file in the case, Petitioner's second case under Jarawalla. And even the immigration judge in that other case seems to disagree with the Board that there's any statement indicating that he is Jignesh Mehta. And I can point that out to the Court. In the administrative record on Jarawalla at page 6, it says, Respondent outclaims his true identity as Jignesh Jarawalla. This Court could not locate any statement of record of the Respondent to the contrary, although the Board in its remand decision states that Jignesh Mehta has been claimed by Respondent's counsel as Respondent's true identity. And I reviewed this second Jarawalla record again, and I also was not able to find which statement of counsel the Board was referring to in that case. As far as support for their conclusion that Petitioner has asserted Jignesh Mehta is his true identity. Okay. You've got 30 seconds for rebuttal, if you want to say something. Thank you very much. Warning again, Your Honors. Yadid Yacouan on behalf of Respondent, U.S. Attorney General. May I just ask a question out of curiosity? You have a removal order? There is a final removal order in the case of Mehta. There is no final. All right. This case is Mehta. You have a final removal order. Is there a stay? I believe the stay, I would have to check the docket to see whether it was initially granted or denied. I think the stay motion was filed by Petitioner's counsel. Well, it doesn't matter. If we rule for you in this appeal, you're then free to remove him? That's correct. And the other case is that the other one. What happens if you go with a removal order and he says that's not me, I'm not Mehta? What do you do? Your Honors, in this case, Petitioner has admitted that his name is Cheek Nash Mehta. In fact, he admitted that under oath in immigration court. And the government urges this Court to deny the petition for review because the Board did not abuse its discretion in denying it. I'm just asking out of curiosity. You come with an order next week, say, and say, okay, we're going to remove you, and he says, I'm not Mehta. Well, I guess that's some other court's problem. I understand, Your Honor, that there are substantial problems which are created by an individual submitting several applications to the government for asylum under different names with different dates of birth, different dates of entry. These are the problems that are created in a situation such as this, issues of identity. But with respect to the petition which is before the Court today, the Mehta petition, the Board did not abuse its discretion because it relied upon Petitioner's discretion in concluding that it would deny a motion to reconsider, stating that there was no error of law or fact in its previous March 2006 decision and that such decision should be upheld. Your Honors, the Supreme Court has recognized that motions to reopen and reconsider are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States. Those are the words of the Supreme Court in Ins v. Doherty. Those words ring true in this case. The Petitioner appeared in immigration court in 1995. He admitted under oath that his name was Jignesh Mehta. The immigration judge granted him several continuances to seek representation. When the immigration judge indicated that no further continuance would be granted, he failed to appear. He then waited eight additional years. After marrying a United States citizen, he filed a motion to reopen with the immigration court, giving no reason for his failure to appear in immigration court eight years earlier. The government, recognizing the Petitioner had two cases under two names, did request that this Court remand the issue to the Board of Immigration Appeals to allow the Board to clarify the Petitioner's identity. The Board did so, and on remand, it concluded first that the Mehta case and Jariwala case apparently related to the same individual. The Petitioner asserted that Mehta was his true identity, that the immigration judge properly found the Petitioner was removable, and the Petitioner did not otherwise provide any reasonable basis for bringing up these issues on a related basis, issues that could have been presented, raised, and argued before the immigration judge eight years earlier. Now, as the Court already recognized, Petitioner did not seek review of that decision with this Court. Instead, he filed a motion to reconsider with the Board, addressing only the issue of identity. He said that his true identity is Jignesh Jariwala. It should be noted that Petitioner never before had stated to the agency that his true identity is Jariwala in this Mehta case. He had said to the Board and to the immigration judge that he had another case, but never before was he candid enough to say, my true identity is not the one that I admitted to an immigration court. My true identity is another. Instead, he skirted the issue and said, I have another case. You should consolidate it. For the first time in his motion to reconsider before the Board in 2006, more than a decade after he was placed in removal proceedings under the name of Mehta, he comes clean and says, my name is actually Jariwala, something he'd never said before. And under these circumstances, Your Honor, the Board did not arbitrarily or irrationally or contrary to law deny the motion to reconsider. As such, Your Honors, the government would request that this Court deny the petition for review. I'm happy to address any questions or concerns the Court may have with respect to any of the issues raised. Thank you, counsel. Okay. You have half a minute. Okay. I would just like to reiterate the Petitioner has claimed to be both Jignesh Mehta and Jignesh Jariwala, and he, in fact, appeared and made that representation in connection with the Jariwala case file before an asylum officer. I mean, in fact, the issue isn't really what his name is. I mean, he can change his name. The issue is that he was removed under one of a name, and the question is, does that stick or does he get to do it over again because of the other name? Well, I agree. And in fact, the focus has changed in the middle of this whole litigation to his identity. But one of the requests of the Petitioner initially was terminate the Mehta case and or consolidate the files because the Jariwala case is the first-in-time case, is the first order to show cause issued in this case. Well, but he hadn't been, but he, there wasn't an order of deportation out on that one. So, of course, he wants to terminate the one that's worse for him. No. That's been the request for, by Petitioner before there, before there was a. Well, why aren't you asking to terminate the I-130 case? Excuse me? Why aren't you asking to terminate the I-130 case and proceed on this case? Well. Well, the answer is obvious. No, we would have, Petitioner would have pursued an adjustment application under, under either case, but the concern was that he could not proceed under the Mehta case with an adjustment application because that was not the first-in-time case, and the Court wouldn't have jurisdiction over an adjustment of status application under the Mehta case. Thank you very much. Thank you. The case here, Farragut, will be submitted.
judges: Reinhardt, Berzon, Callahan